**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

# Steven Mercado

v.

# Edgar Alcazar, et al.

:
:
:
:
:
:

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 5/15/19 | [signature] | Steven Mercado |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)467-4666 | (267)639-9006 | harrygosnear@gosimon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Steven Mercado

**DEFENDANTS**
Edgar Alcazar, et al.

**(b)** County of Residence of First Listed Plaintiff　　Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant　　Camden County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Simon & Simon PC
1818 Market Street, Suite 2000
Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1　U.S. Government Plaintiff
- ☐ 2　U.S. Government Defendant
- ☐ 3　Federal Question *(U.S. Government Not a Party)*
- ☒ 4　Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding　☐ 2 Removed from State Court　☐ 3 Remanded from Appellate Court　☐ 4 Reinstated or Reopened　☐ 5 Transferred from Another District *(specify)*　☐ 6 Multidistrict Litigation - Transfer　☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. section 1391(a)(1) and (2)
Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.　DEMAND $　CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes　☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*　JUDGE _____　DOCKET NUMBER _____

DATE 5/15/19　SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #　　AMOUNT　　APPLYING IFP　　JUDGE　　MAG. JUDGE

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Steven Mercado, 2061 Clover Mill Road, Quakertown, PA 18951 _____

Address of Defendant: _____ Edgar Alcazar, 618 Raritan Street, Camden, NJ 08105, Loionetti Associates Inc. d/b/a Lorco Petroleum Services,450 South Front Street, Elizabeth, NJ 07202 _____

Place of Accident, Incident or Transaction: _____ Quakertown, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 5/15/19 _____  _____ [signature] _____  _____ 93484 _____
                                   *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Harry Gosnear _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ 5/15/19 _____  _____ [signature] _____  _____ 93484 _____
                                   *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5 2018)

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

Steven Mercado                            :
2061 Clover Mill Road             :
Quakertown, PA 18951         :                  #_____
                                     :
                Plaintiff        :
                                     :
v.                                     :
                                     :
Edgar Alcazar                   :
618 Raritan Street              :
Camden, NJ 08105             :
                                     :
And                                   :
                                     :
Loionetti Associates Inc. d/b/a  :
Lorco Petroleum Services     :
450 South Front Street       :
Elizabeth NJ 07202           :
                Defendants     :
                                     :

## COMPLAINT

## PARTIES

1.     Plaintiff, Steven Mercado, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.     Upon information and belief, Defendant, Edgar Alcazar, is a resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

3.     Defendant, Loionetti Associates Inc. d/b/a Lorco Petroleum Services, is a corporate entity authorized to conduct business in the State of New Jersey, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Steven Mercado, is a citizen of Pennsylvania and the Defendant, Edgar Alcazar, is a citizen of New Jersey, and the Defendant, Loionetti Associates Inc. d/b/a Lorco Petroleum Services, upon information and belief is a corporate entity with its principal place of business in New Jersey and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

6.      On or about November 7, 2017, at or about 12:00 p.m., Plaintiff, Steven Mercado, was the operator of a motor vehicle, which was traveling on Route 309, in Quakertown, PA.

7.      At or about the same date and time, Defendant, Edgar Alcazar, was the operator of a motor vehicle, owned by Defendant, Loionetti Associates Inc. d/b/a Lorco Petroleum Services, at or around the aforementioned location of the Plaintiff's vehicle.

8.      At or about the same date and time, Defendants' vehicle was involved in a collision with Plaintiff's vehicle.

9.      At all times relevant hereto, Defendant, Edgar Alcazar, was operating the aforesaid Defendant, Loionetti Associates Inc. d/b/a Lorco Petroleum Services's, vehicle as an agent, servant and/or employee, acting within the scope of it's agency.

10.    The aforesaid motor vehicle collision was the result of Defendant, negligently, recklessly and/or carelessly, operating his vehicle in such a manner so as to rear-end a motor vehicle pushing it into Plaintiff's vehicle.

11.    The aforesaid motor vehicle collision was a direct result of the negligence, recklessness and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

12.    As a result of the collision, Plaintiff suffered severe and permanent injuries, including injuries to the head, neck, and back, as are more fully set forth below.

**COUNT I**
**Steven Mercado v. Edgar Alcazar**
**Negligence**

13.    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

14.    The negligence, recklessness and/or carelessness of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

a.   Rear-ending a motor vehicle, pushing it into Plaintiff's vehicle;

b.   Operating his vehicle into Plaintiff's lane of travel;

c.   Failing to maintain proper distance between vehicles;

d.   Operating said vehicle in a negligent, careless and/or reckless manner so as to rear-end a motor vehicle, pushing it into Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

e.   Failing to have said vehicle under proper and adequate control;

f.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.   Violation of the assured clear distance rule;

h.   Failure to keep a proper lookout;

i.   Failure to apply brakes earlier to stop the vehicle without rear-ending a motor vehicle, pushing it into the Plaintiff's vehicle;

j.   Being inattentive to his duties as an operator of a motor vehicle;

k.   Disregarding traffic lanes, patterns, and other devices;

l.   Driving at a high rate of speed which was high and dangerous for conditions;

m.   Failing to remain continually alert while operating said vehicle;

n.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.   Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.   Failing to exercise ordinary care to avoid a rear-end collision;

q.   Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.   Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to her;

s.   Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

u.   Being otherwise reckless, careless and/or negligent under the circumstances.

15.   As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including injuries to the head, neck, and back, all to Plaintiff's great loss and detriment.

16.   As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

17.   As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

18.   As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

19.     As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, Plaintiff suffered damage to his personal property, storage fees and towing, all to Plaintiff's great loss and detriment.

20.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Steven Mercado, prays for judgment in plaintiffs' favor and against Defendant, Edgar Alcazar, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
**Steven Mercado v. Loionetti Associates Inc. d/b/a Lorco Petroleum Services**
**Negligent Entrustment**

21.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

22.     The negligence, recklessness and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

      a.   Permitting Defendant, Edgar Alcazar, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

      b.   Permitting Defendant, Edgar Alcazar, to operate the motor vehicle when Defendant, Loionetti Associates Inc. d/b/a Lorco Petroleum Services, knew,

or in the exercise of due care and diligence, should have known that

Defendant, Edgar Alcazar, was capable of committing the acts of negligence

set forth above;

    c.   Failing to warn those persons, including the Plaintiff, that Defendant,

Loionetti Associates Inc. d/b/a Lorco Petroleum Services, knew, or in the

existence of due care and diligence should have known, that the Plaintiff

would be exposed to Defendant, Edgar Alcazar's negligent operation of the

motor vehicle; and

    d.   Otherwise negligently entrusting said vehicle to said individual Defendant,

Edgar Alcazar.

23.    As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including injuries to the head, neck, and back, all to Plaintiff's great loss and detriment.

24.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

25.    As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

26.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Steven Mercado, prays for judgment in plaintiff's favor and against Defendant, Loionetti Associates Inc. d/b/a Lorco Petroleum Services, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Steven Mercado v. Loionetti Associates Inc. d/b/a Lorco Petroleum Services
### Respondeat Superior

28.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

29.     The negligence, recklessness and/or carelessness of the Defendant, Loionetti Associates Inc. d/b/a Lorco Petroleum Services, itself and by and through its agent, servant and/or employee, Defendant, Edgar Alcazar, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

   a.   Rear-ending a motor vehicle, pushing it into Plaintiff's vehicle;

b. Operating his vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent, careless and/or reckless manner so as to rear-end a motor vehicle, pushing it into Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without rear-ending a motor vehicle, pushing it into the Plaintiff's vehicle;

j. Being inattentive to his duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a rear-end collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.  Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

s.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

u.  Being otherwise reckless, careless and/or negligent under the circumstances.

30.  As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including injuries to the head, neck, and back, all to Plaintiff's great loss and detriment.

31.  As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32.  As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

33.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

34.     As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, plaintiff suffered damage to his personal property, including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

35.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Steven Mercado, prays for judgment in Plaintiffs' favor and against Defendant, Loionetti Associates Inc. d/b/a Lorco Petroleum Services, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY:_____
          Harry Gosnear, Esquire